UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GREEN, | Case No.: 1:22-cv-0435 JLT EPG |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | (Doc. 5) |
| MELODY "DOE"; WALMART, INC.; and DOES 1 through 50, inclusive; | |
| Defendants. | |

Shelby Green asserts that she slipped and fell in a Walmart store and seeks to hold the defendants liable for negligence and premises liability. (*See* Doc. 1 at 19-27.) Green asserts the Court lacks diversity jurisdiction, and requests the matter be remanded to the state court. (Doc. 5.) Walmart opposes the motion, maintaining the Court has diversity jurisdiction because Melody Doe is a fictitious defendant, and the citizenship of all named parties is diverse. (*See* Doc. 7.) The Court finds the matter suitable for decision without oral arguments, and no hearing will be set pursuant to Local Rule 230(g). For the reasons set forth below, the motion to remand is **DENIED**.

I. **Background and Procedural History**

Green alleges she visited a Walmart store in Hanford, California, on May 12, 2021. (Doc. 1 at 20-21, ¶¶ 4, 8.) Green asserts that "while using the subject premises in a reasonably foreseeable manner," she "slipped and fell on a liquid substance in an aisle," which caused her "very serious" injuries. (*Id.* at 21, ¶ 9, emphasis omitted.) Green contends she suffered "severe and permanent injury

1

to [her] body and nervous system." (*Id.*, ¶ 20.)

According to Green, defendant Walmart "owned, managed, repaired, maintained and/or controlled the property or was responsible for designing, constructing, maintaining, cleaning, repairing, or managing and keeping [the store] in a safe condition…." (Doc. 1 at 20, ¶ 3.) Green alleges that defendant Melody "Doe" also "owned, managed, repaired, maintained and/or controlled the property or was responsible for designing, constructing, maintaining, cleaning, repairing, or managing the property…." (*Id.*, ¶ 4.) Green asserts the defendants "had actual or constructive knowledge of the unsafe condition, as aforesaid, and knew that individuals were accessing the area." (*Id.* at 23, ¶ 16.) She contends the defendants "knew or in the exercise of reasonable care should have known of the dangerous nature of the [store] and failed to warn foreseeable users of the dangerous nature of the premises." (*Id.*, ¶ 17.) Further, Green alleges the defendants "could have prevented the … incident from occurring and that the costs associated with maintaining the [store] in a safe condition would have been minimal." (*Id.*, ¶ 18.)

On March 21, 2022, Green filed a complaint in Kings County Superior Court, Case No. 22C-0088. (Doc. 1 at 19.) Green seeks to hold both Melody Doe and Walmart liable for negligence and premises liability. (*Id.* at. 19, 22-26.) Although Green did not specify an amount in controversy in her complaint, her prayer for relief included "repayment of all special damages incurred, including, but not limited to all past and future wage loss, hospital and medical expenses," and "all general damages according to proof." (*Id.* at. 19, 22-26.) When Green served the Complaint upon Walmart, "she also served a Statement of Damages." (*Id.* at 4, ¶ 13.) Green "claims damages in excess of $300,000 in general damages and $213,337.61 in special damages." (*Id.*, ¶ 14.)

Walmart filed a Notice of Removal on April 14, 2022, thereby initiating the matter before this Court. (Doc. 1.) Walmart asserted that "complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." (*Id.* at 2.) According to Walmart, there was no indication that the defendant identified as "Melody Doe" was served with the complaint. (*Id.* at 3, ¶ 9.) In addition, Walmart asserted the "inclusion of 'Doe' defendants in the state court Complaint has no effect on removability." (*Id.*, ¶ 10.)

Green filed the motion to remand now before the Court on May 3, 2022. (Doc. 1.) Walmart

filed its opposition on May 10, 2022 (Doc. 7), to which Green filed a reply on May 27, 2022.[1] (*Id.*)

## II. Jurisdiction

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (citations omitted).

The district court has original diversity jurisdiction when all parties are diverse and the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a); *see also Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). In addition, the amount in controversy is calculated based upon "the complaint operative at the time of removal and encompasses all relief the court may grant on the complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("the amount at stake in the underlying litigation … is the amount in controversy for purposes of diversity jurisdiction").

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Upon the filing of a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal was proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

---

[1] Pursuant to Local Rule 230(d), any reply brief was to be filed "[n]o later than ten (10) days after the opposition was filed." Because Walmart filed its opposition on May 10, 2022, any brief in reply was due no later than May 20, 2022. (*Id.*) Thus, the reply brief was untimely when filed on May 27, 2022. Nevertheless, the Court has read and considered the brief.

### III. Evidentiary Objections

Green contends that "Melody is not a fictitious person, but a person whose last name is unknown." (Doc. 5 at 3.) Green submitted a declaration in support of her motion to remand in which she reports that after she slipped and fell in the aisle, an employee named Jason "helped [her] up and instructed [her] to go see the Manager in the sporting goods customer service area." (*Id.* at 8, ¶ 5.) Green asserts:

> I waited for the Manager in sporting goods customer service area. Two Managers came. The first was a Caucasian woman in her late middle age with gray hair whose name I do not recall. The Second manager was a woman, younger than the first with brown hair whose first name was Melody.
>
> The Managers filled out a form on a tablet-like device and said they would e-mail me the report. However, I never received the report.

(*Id.* at 8, ¶¶ 6-7.) Walmart objects to these statements, asserting: "The statement is speculative, lacks foundation, mischaracterizes the facts, and is not something that the witness has personal knowledge and is improper opinion testimony. The persons that Plaintiff allegedly met never identified themselves as mangers, there was no name plate identify the persons as a manger, and Plaintiff is assuming that these persons are managers." (Doc. 7-1 at 2-3, citing Fed. R. Evid. 401, 402, 403, 602, 701 and 702.) Green did not respond to the evidentiary objections in her reply. (*See* Doc. 10.)

Pursuant to Rule 602 of the Federal Rules of Evidence, an individual may only testify as to a matter "if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Personal knowledge may be inferred from information provided in the declaration, including the declarant's "positions and the nature of their participation in the matters to which they swore." *Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990); *see also Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013). Importantly, a statement based on information and belief rather than personal knowledge is insufficient. *See Slade v. Baca*, 70 Fed. Appx. 446, 448 (9th Cir. 2003).

As Walmart argues, the statements in the declaration are insufficient to show Green has personal knowledge concerning the individuals' positions of employment. There are no facts indicating that the women who met with Green informed her that they were store managers, or otherwise identified their status as managers by wearing name tags with the position title or some

4

other form of identification. At most, Green suggests a *belief* both women were managers, because an employee named Jason directed Green to see a manager in the sporting goods area. Without additional information, the Court is unable to find Green has personal knowledge that both women who responded to the sporting goods area were, in fact, store managers. *See Slade*, 70 Fed. Appx. at 448 ("Belief, no matter how sincere, is not equivalent to knowledge" [citation omitted]). Accordingly, Green's statements in her declaration concerning the positions of employment are not entitled to any weight, and the objection as to lack of personal knowledge is sustained.

## IV.     Discussion and Analysis

Green contends the matter should be remanded to the state court because "Melody" is not a "doe" defendant or fictitious person. (Doc. 5 at 4.) Further, Green contends that even if Melody is a fictitious person, "remand to the state court is still proper." (*Id.* at 5, citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939).)

### A.     Diversity of Citizenship

Jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego*, 443 F.3d at 679. For purposes of diversity jurisdiction, a person is a citizen of the state in which she is domiciled, and is presumptively domiciled at her place of residence. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). Green reports that she is a "resident of the County of Kings, State of California." (Doc. 1 at 19, ¶ 2.) Accordingly, Green is a citizen of California.

A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181-82 (9th Cir. 2004) (quoting 28 U.S.C. § 1332(c)(1)). Walmart reports the company is incorporated in the state of Delaware and has its principal place of business in the state of Arkansas. (Doc. 1 at 3, ¶ 8; *see also id.* at 7, Davidson Decl. ¶ 4.) Thus, Walmart is a citizen of both Delaware and Arkansas. It is undisputed that there is diversity of citizenship between Walmart and Green. (*See* Doc. 5 at 3-6.)

### B.     Citizenship of a Fictitious "Doe" Defendant

When assessing whether the parties are diverse, "the citizenship of defendants sued under

fictitious names shall be disregarded." 28 U.S.C. § 1441. The Ninth Circuit explained this means "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. §§ 1441(a), 1447(e)); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction"). Consequently, if Melody Doe is a "fictitious defendant," her citizenship must be ignored for purposes of removal. *See* 28 U.S.C. § 1441.

### C. Whether "Melody" is a Fictitious Defendant

Green observes that in the Notice of Removal, Walmart asserted that "Melody 'Doe' is an unnamed defendant that is insufficient to create diversity of citizenship." (Doc. 5 at 4.) According to Green, "Melody 'Doe' is not a fictitious person." (Doc. 5 at 4.) Green contends she "used the term 'Doe' after the … first name because [she] does not yet know Melody's last name." (*Id.*) In addition, Green argues "it is specifically alleged in [the] complaint that Melody 'Doe' was the manager and was responsible for managing the subject Walmart property." (*Id.*)

Notably, contrary to Green's assertion in her motion, she did not "specifically" allege that Melody was a manager of the identified Walmart store. In the Complaint, Green alleged: "Defendant MELODY 'DOE' owned, managed, repaired, maintained *and/or* controlled the property *or* was responsible for designing, constructing, maintaining, cleaning, repairing, *or* managing the property located at or around 250 S. 12th Ave., Hanford, CA 93230." (Doc. 1 at 20, ¶ 4, emphasis added.) These boilerplate allegations— plead in the alternative— do not make it clear whether Melody was an owner, manager, or an employee charged with maintaining clean aisles when Green fell.

Moreover, allegations identifying only a defendant's first name and job position are insufficient to establish the individual as a "real" defendant rather than a "fictitious" defendant when a court is evaluating diversity jurisdiction following removal from the state court. *See Sanders v. Costco Wholesale Corp.*, 2022 WL 6271879, at *1-2 (N.D. Cal. July 28, 2022); *Johnson v. Walmart*, 2022 WL 2355185, at *1-3 (C.D. Cal. June 30, 2022); *Bee v. Walmart*, 2022 WL 782382, at *1-2 (C.D. Mar. 15, 2022); *see also Rojas v. Sea World Parks & Ent., Inc.,* 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("the citizenship of doe defendants, regardless of the detail or specificity with which it is alleged, must

be disregarded when determining whether complete diversity exists on a motion to remand").

In *Bee v. Walmart*, the plaintiff filed a complaint in the state court against Walmart "and an individual identified only as 'Aaron'… alleging negligence and premises liability." *Id.*, 2022 WL 782382, at *1 (C.D. Mar. 15, 2022). Monica Bee alleged that she "slipped and fell on water or a similar substance and sustained injuries." *Id.* Bee asserted the "Defendants were negligent, failed to clean the floors, and did not warn of unsafe conditions, which resulted in her fall." *Id.* According to Bee, "the manager responsible for the maintenance of the store at the time of her fall was an individual named Aaron." *Id.* After Walmart removed the case to federal court, Bee argued Walmart failed to show "complete diversity between the parties." *Id.* Bee asserted that she "provided the necessary clues in her complaint regarding Aaron's identity, including his position as manager at a California Walmart store, and therefore Aaron should be considered for jurisdictional purposes." *Id.* The court rejected this assertion, explaining "although Aaron may be the actual first name of Plaintiff's alleged defendant, the fact remains that Plaintiff does not know Aaron's full identity or any other pertinent information, thus leaving Aaron a fictitious defendant." *Id.* at *2. The court concluded that "given the plain language of Section 1441" the citizenship of Aaron must be disregarded for purposes of removal, and denied Bee's motion to remand. *Id.*

In *Johnson v. Walmart*, the plaintiff alleged that she visited a Walmart store and she "slipped on a substance on the floor and fell, sustaining injuries." *Id.*, 2022 WL 2355185, at *1 (C.D. Cal. June 30, 2022). Johnson asserted "an individual named David was the supervisor of the store responsible for maintenance at the time of her fall." *Id.* Johnson filed a complaint in the state court, alleging claims for negligence and premises liability against Walmart and David. *Id.* Walmart removed the action to federal court, asserting the citizenship of David should be disregarded. *Id.* Johnson moved to remand the action to the state court, asserting that with David as a defendant, there was not complete diversity of the parties. *Id.* at *1-2. The Central District observed: "Without including a last name or any other identifying details, Johnson merely identifies David as 'a supervisor and/or manager of the store at the time of Plaintiff's slip and fall' who was 'responsible for the maintenance of the store.'" *Id.* at *2. The court found Johnson's description was "not specific enough to suggest David's identity and therefore is insufficient to render David a real Defendant." *Id.* Following this finding, the Court also noted

7

evidence from Walmart indicated that "[a]t the time of the incident, there were no managers responsible for maintenance of the store named David." *Id.*  The court concluded it could not consider David's citizenship for purposes of determining diversity, and the motion to remand was denied. *Id.* at *3.

In *Sanders v. Costco*, Latrice Sanders asserted that "[w]hile at defendant's Costco location in San Leandro, California, [she] slipped and fell on a liquid substance in an aisle, which caused her serious injuries." *Id.*, 2022 WL 6271879, at *1 (N.D. Cal. July 28, 2022).  Sanders alleged, "Defendant Lynette 'Doe' was the on-duty manager at the time plaintiff fell." *Id.*  Seeking to have the matter remanded to the state court, Sanders argued that "diversity jurisdiction does not exist with Lynette Doe as a defendant." *Id.* at *2.  However, the court found "Lynette Doe [was] a fictitious defendant." *Id.* Therefore, the motion to remand was denied. *Id.*

The allegations before the Court are less specific than those found deficient in *Bee*, *Johnson*, and *Sanders*, because Green did not specifically allege Melody's job position at, or relationship with, the Walmart store where Green fell.  As the Northern District explained, when plaintiff does not know the "full identity" of a defendant, such a person may be deemed a fictitious defendant. *See Bee*, 2022 WL 782382, at *1.  Even if Green identified Melody as a store manager charged with maintenance at the time of her fall,[2] the allegation is "insufficient to render [her] a real Defendant." *See Johnson*, 2022 WL 2355185 at *2-3.  Consequently, the Court finds "Melody Doe" is a fictitious defendant, whose citizenship is disregarded for purposes of determining this Court's jurisdiction following removal. *See* 28 U.S.C. §1441(a); *Soliman*, 311 F.3d at 971; *Johnson*, 2022 WL 2355185 at *2-3.

### D.    Request for Remand based on *Pullman*

Green contends that "[e]ven if… this Court considers Melody to be a fictitious person," then "remand to the state court is still proper."  (Doc. 5 at 5.)  Green observes that in *Pullman Co. v. Jenkins*, the Supreme Court stated: "We think the fact that the Pullman porter was sued by a fictitious name did not justify removal.  His relation to the Pullman Company and his negligence as its servant

---

[2] Notably David Donaldson, counsel for Walmart, reports: "I have with the assistance of Walmart employees reviewed the records for the day of the incident and cannot find anyone that responded to the incident as described by Plaintiff with the name of 'Melody.'" (Doc. 7 at 22, Decl. ¶ 11.)  This supports a conclusion that "Melody Doe" is a fictitious defendant. *See Sanders* 2022 WL 6271879, at *1 (noting Costco argued that "there [was] only one person working at the San Leandro Costco warehouse named Lynette," who "was not working the day that plaintiff was allegedly injured").

8

were fully alleged." (*Id.*, quoting *Pullman*, 305 U.S. 534, 540 (1939).)  Significantly, Green provides only this brief excerpt from the decision in *Pullman,* and does not address the facts or issues considered to show similarities with the issue now pending.

In *Pullman*, the Supreme Court addressed whether Pullman Company was entitled to remove the case to the federal court based upon diversity jurisdiction. *Id.*, 305 U.S. at 535.  The plaintiff filed an action in the state court "to recover damages for injuries causing the death of her husband," who was employed as a train conductor of the Southern Pacific Company. *Id.* at 535-536.  The defendants included Pullman Company, Southern Pacific, "John Doe One, described as employed by the Pullman Company as porter, and John Doe Two, described as employed by the Southern Pacific Company as gate tender at the passenger depot at Los Angeles." *Id.* at 536.  Pullman Company removed the action to federal court, after which the plaintiffs moved to remand, stating that "John Doe One" was identified as Edward E. Meyers, and he was the citizen of the same state as another defendant. *Id.* at 537.  The district court denied the motion to remand. *See id.* at 537-538.  Evaluating whether the federal court had jurisdiction, the Supreme Court observed: "If the porter had been sued in his proper name, instead of John Doe, had been described as a citizen of California, and had been served with process prior to the petition for removal, there could be no question that the Pullman Company would not have been entitled to remove." *Id.* at 539-540.  The Court found "the fact that the residence of the porter was not set forth [did not] justify disregarding him," because his actions and relation to the Pullman Company were "fully alleged." *Id.*  The Supreme Court concluded the remand should have been granted, because "[o]n the motion to remand it appeared that the Pullman porter, identified as Meyers, was a resident of California and had then been served with process. *Id.* at 541.

As addressed above, Green did not "fully allege" the identity of Melody Doe, actions taken, or her relation to Walmart.  Melody Doe also remains a fictitious defendant, unlike the porter John Doe One in *Pullman*.  Thus, the facts before the Court are not analogous.  Moreover, *Pullman* was decided in 1939, well before the "Judicial Improvements and Access to Justice Act" was enacted in 1988 and amended Section 1441 to unambiguously state that "the citizenship of defendants sued under fictitious names shall be disregarded." *See* Pub. L. 100-702, § 1016(a), 102 Stat. 4642, 4669 (1988).  The removal statutes—such as Section 1441—are to be "strictly construed." *See Syngenta Crop Protection,*

*Inc. v. Henson,* 537 U. S. 28, 32 (2002) (observing that "[t]he right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress," and the removal statutes "are to be strictly construed.") Consequently, Green's reliance upon *Pullman* is misplaced.

### E. Amount in Controversy

When, as here, a plaintiff does not identify a specific amount in controversy in the complaint, the removing party bears the burden to establish the amount in controversy at removal. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff does not contest the amount, the defendant's amount should be accepted. *Id.* at 88.

In the Notice of Removal, Walmart reported Green served a "Statement of Damages" in which Green claimed more than $300,000 in general damages and $213,337.61 in special damages. (Doc. 1 at 4, ¶¶ 13-14.) Green did not challenge the general damages and special damages amounts identified in her motion to remand. (*See generally* Doc. 5.) Therefore, the Court finds the amount in controversy requirement is satisfied. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88.

### V. Conclusion and Order

For the reasons set forth above, Melody Doe is a fictitious defendant whose citizenship must be disregarded. Because the parties are diverse and the amount in controversy requirement is satisfied, the Court has diversity jurisdiction over the matter under 28 U.S.C. § 1332(a). Accordingly, the Court **ORDERS**: Plaintiff's motion to remand (Doc. 5) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 19, 2023**                              _Jennifer L. Thurston_
                                                        UNITED STATES DISTRICT JUDGE